IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS TAPIA, C-55013,<br><br>    Petitioner,<br><br>vs.<br><br>R. GROUNDS, Warden,<br><br>    Respondent. | No. C 11-5092 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket # 2) |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) July 9, 2009 decision to deny him parole.

Petitioner has also filed a request for leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

## BACKGROUND

In 1982, petitioner was sentenced to an indeterminate prison term of 17 years to life after a jury found him guilty of second degree murder with the use of a firearm in San Diego County Superior Court.

Petitioner has been found not suitable for parole each time he has appeared before the BPH. On May 18, 2011, the Supreme Court of California denied his challenge to the BPH's decision of July 9, 2009.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPH's July 9, 2009 decision finding him not suitable for parole, and setting the next suitability hearing for five years, on the ground that the decision does not comport with due process and other constitutional guarantees. Petitioner specifically claims that: (1) the decision finding him not suitable for parole violates due process because it is not supported by sufficient evidence; and (2) the decision setting his next suitability hearing for five years (rather than one) violates the Ex Post Facto Clause, the Equal Protection Clause and the Eighth Amendment's proscription against cruel and unusual punishment.

In the context of parole, a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 862 (2011). The Constitution does not require more. <u>Id.</u>

Claim (1) is dismissed because whether the BHP's decision was supported by sufficient evidence is irrelevant in federal habeas. The Supreme Court has

1 made clear that "it is no federal concern . . . whether California's 'some evidence'
2 rule of judicial review (a procedure beyond what the Constitution demands) was
3 correctly applied." Id. at 863.  But liberally construed, claim (2) states a
4 minimally cognizable claim under § 2254 and accordingly merits an answer from
5 respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal
6 courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (docket # 2) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED: Feb. 7, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Tapia, L.11-5092.osc.wpd